IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH LAVON JACKSON,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

CIVIL ACTION NO.
NO. 1:16-CV-3437-TWT-LTW

**FINAL REPORT AND RECOMMENDATION ON AN
APPEAL FROM A SOCIAL SECURITY DISABILITY ACTION**

Plaintiff, a forty-eight (48) year old female, seeks Title II disability, disability insurance benefits and Title XVI Supplemental Security Income ("SSI") under the Social Security Act ("the Act"), alleging disability due to bipolar disorder and schizophrenia. Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim.

Plaintiff filed applications for Social Security Disability and SSI benefits ("SSI") on January 15, 2007, alleging disability beginning September 1, 2006. (Tr. 329-33). Plaintiff's applications were denied initially on July 11, 2007, and again upon reconsideration on March 20, 2008. (Tr. 124-27). Plaintiff appealed to an Administrative Law Judge ("ALJ") who issued an unfavorable decision (Tr. 128-39),

and the Appeals Council then remanded the case back to the ALJ.[1] (Tr. 140-43). A third hearing was held before an ALJ on September 30, 2014. (Tr. 105-23). Following the hearing, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 15-35). Plaintiff requested review of the ALJ's decision, but the Appeals Council denied the request. (Tr. 8-13). Plaintiff then appealed the decision to this Court. (Doc. 1). This case is now before the undersigned upon the administrative record and the parties' pleadings and briefs, and is ripe for review pursuant to 42 U.S.C. § 405(g).

For the reasons set forth below, the decision of the Commissioner is hereby **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four for further proceedings consistent with this opinion.

## I.     STANDARD FOR DETERMINING DISABILITY

An individual is considered to be disabled for purposes of disability benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment or impairments must result "from anatomical, psychological, or physiological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques" and are of such severity that the claimant is "not only unable to do his or her previous work, but cannot,

---

[1] The Appeals Council issued an Order vacating the ALJ's November 3, 2009, and December 15, 2011 unfavorable decisions and remanded the case on November 19, 2010, and again on August 16, 2013. (Tr. 131-142, 147-157, 162-65).

considering age, education, and work experience, engage in any other kind of substantial gainful work that exists in the national economy." 42 U.S.C. § 423(d)(2)-(3).

The burden of proof in a social security disability case is divided between the claimant and the Commissioner. Doughty v. Apfel, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001). The claimant bears the initial burden of establishing the existence of a "disability" by demonstrating that he or she is unable to perform his or her former type of work. (Id.). Once the claimant has met this burden, the burden shifts to the Commissioner to show that, considering claimant's age, education, work experience, and impairment, there are some other types of jobs that exist in the national economy that the claimant can perform. (Id.). The overall burden, however, rests upon the claimant to prove that he or she is unable to engage in any substantial gainful activity that exists in the national economy. (Id.).

As summarized below, a five-step sequential analysis must be used when evaluating a disability claim.

(1) The Commissioner must determine whether the applicant is currently working; if so, the claim is denied.

(2) The Commissioner must determine whether the claimed impairment is severe; that is, whether the impairment or combination of impairments significantly limits the individual's physical or mental ability to do basic work activities; if not, the claim is denied.

(3) The Commissioner must determine whether the impairment equals or exceeds in severity certain impairments described in the impairment listings in the regulations; if it does, the claimant is automatically entitled

to disability benefits.

(4) The Commissioner must determine whether the applicant has sufficient residual functional capacity to perform past work; if so, the claim is denied.

(5) The Commissioner must determine, on the basis of claimant's age, education, work experience, and residual functional capacity, whether the applicant can perform any other gainful and substantial work within the economy; if so, the claim is denied.

See 20 C.F.R. §§ 404.1520-1576.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW OF THE ALJ**

The ALJ made the following findings of fact and conclusions of law:

(1) The claimant met the insured status requirements of the Social Security Act through March 31, 2007.

(2) The claimant has not engaged in substantial gainful activity since September 1, 2006, the alleged onset date (20 C.F.R. §§404.1571 et seq. and 416.971 et seq.).

(3) The claimant has the following severe impairments: drug and alchohol abuse, bipolar disorder, and asthma (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she should avoid frequent exposure to concentrated fumes, dust, and other airborne particulates and pulmonary irritants. She should avoid working with the public (face-to-face contact). She should avoid fast-paced work with strict time demands.

(6) The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

(7) The claimant was born on October 26, 1965, and was forty years old, which is defined as a younger individual age eighteen to forty-nine, on the alleged disability onset date (20 C.F.R. §§ 404.1564 and 416.964).

(8) The claimant has at least a high school education and is able to communicate in English (20 C.F.R §§ 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-4; 20 C.F.R. pt. 404, subpt P, app. 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969) and 416.969(a)).

(11) The claimant has not been disabled within the meaning of the Social Security Act, from September 1, 2006, through the date of this decision.

(Tr. 15-29).

## III. CLAIM OF ERROR

Plaintiff alleges the decision of the Commissioner is in error because the ALJ ignored the treating medical opinions of providers from Northside Behavioral Sciences. (Doc. 15).

## IV. BACKGROUND FACTS

Plaintiff has a high school education, one year of college education, and specialized training as a certified medical assistant. (Tr. 350). Plaintiff reported past relevant work experience as a medical assistant and a general assistant. (Tr. 43, 174). Plaintiff alleges disability since September 1, 2006, due to bipolar disorder and schizophrenia. (Tr. 345). During Plaintiff's hearing before the ALJ, Plaintiff also

alleged that she suffers from anxiety, mood swings, isolated behavior, depressed mood, an impaired ability to get along with and interact with people, difficulties concentrating, gastroesophageal reflux disease ("GERD"), and diabetes. (Tr. 107-08, 117).

The ALJ found Plaintiff's severe impairments were drug and alcohol abuse, bipolar disorder, and asthma.[2] (Tr. 20). The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform light work, except she should avoid frequent exposure to concentrated fumes, dust, and other airborne particulates and pulmonary irritants; should avoid working with the public (face-to-face contact); and should avoid fast-paced work with strict time demands. (Tr. 25). At step four of the sequential evaluation process, the ALJ determined Plaintiff was unable to perform her past relevant work. (Tr. 27). In determining whether a successful adjustment to other work can be made, the ALJ relied on the testimony of a vocational expert ("VE"). (Tr. 28). Based on the VE's testimony, the ALJ found Plaintiff could perform the requirements of representative occupations, such as a cleaner/housekeeper, janitor/office, and a surveillance system monitor. Id. The ALJ, therefore, concluded Plaintiff was not disabled. (Id.). The medical evidence has been summarized in the body of the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

V.   **SCOPE OF JUDICIAL REVIEW**

---

[2] Plaintiff has a lengthy history of substance abuse and incarcerations. (Tr. 111-112, 512)

The scope of judicial review of the Commissioner's denial of social security benefits is limited. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. The only function of the court is to determine whether there is substantial evidence in the record to support the findings and decision of the Commissioner and whether proper legal standards were applied in the fact-finding process. The Commissioner's findings are conclusive if supported by substantial evidence and proper legal standards were applied. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

Substantial evidence is more than a scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389, 401 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). In contrast, review of the ALJ's application of legal principles is plenary. Walker, 826 F.2d at 999.

**VI.   ANALYSIS OF CLAIMS OF ERROR**

Plaintiff argues the ALJ erred at step four of the sequential evaluation process by ignoring the treating medical opinions of providers from Northside Hospital Behavioral Health Services. Specifically, Plaintiff contends that the ALJ failed to properly evaluate the opinions provided by Dr. Steven Suggs, her treating psychiatrist, and Eugene Hertzler, her treating therapist and a licensed professional counselor ("LPC Hertzler"). This Court agrees.

Medical opinions are statements from physicians and . . . other "acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s)." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). In evaluating medical opinions, the ALJ should consider factors such as the examining relationship, the treatment relationship, the doctor's specialization, whether the opinion is amply supported, and whether the opinion is consistent with the record. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, the opinions of treating physicians are given more weight than non-treating physicians, and the opinions of examining physicians are given more weight than non-examining physicians. See 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." (Id.) "Testimony or an opinion of a

treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" has been found to exist where: (1) the opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the opinion was conclusory or inconsistent with the doctor's own medical records. (Id.). An ALJ's failure to give reasons for according less weight to the opinion of a treating physician is reversible error. (Id.).

Here, Plaintiff argues the ALJ failed to address and weigh an opinion provided by her treating psychiatrist, Dr. Sugg, in a Medical Statement form completed on November 8, 2007. (Tr. 708). Therein, Dr. Sugg opined that, due to Plaintiff's bipolar disorder, she was unable to work for a least three months, but may be able to work in the next six to nine months. (Id.). Dr. Sugg also reported Plaintiff's prognosis was guarded. (Id.). Conceding that Dr. Sugg is Plaintiff's treating physician and that the ALJ did not reference or assign any weight to the opinion of Dr. Sugg, the Commissioner argues any error in the ALJ's failure to assign any weight to Dr. Sugg's opinion was harmless because it was not a medical opinion. Instead, the Commissioner contends that the opinion of Dr. Sugg is a statement on an issue reserved to the Commissioner.

The failure to state the weight given to opinion evidence from a medical source will, in very limited circumstances, result in harmless error. See, e.g., Hunter v. Comm'r Soc. Sec., 609 F. App'x 555, 558 (11th Cir. 2015) (finding failure to state the weight given to two medical opinions was harmless error because it did not affect the ALJ's

9

ultimate determination); Tillman v. Comm'r, Soc. Sec. Admin., 559 F. App'x 975, 975-76 (11th Cir. 2014) (finding the ALJ's failure to expressly weigh two medical opinions was harmless because the ALJ expressly considered and discussed the evidence on which the doctors based their opinions, because one of the doctors provided no explanation for his opinion, because evidence of the claimant's hospital stay was significantly inconsistent with the opinions, and because their opinions (i.e., whether Tillman was legally disabled) were on issues reserved to the Commissioner they were not entitled to controlling weight); Caldwell v. Barnhart, 261 F. App'x 188, 190 (11th Cir. 2008) (noting an ALJ's failure to state with particularity the weight given different medical opinions is harmless error because the correct application would not contradict the ALJ's ultimate findings); Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").

Under the circumstances of this case, the undersigned finds that none of the situations discussed in Hunter, Tillman, Caldwell, and Wright, cases relied on by the Commissioner, exist here. Further, those cases are inapposite and do not support a finding of harmless error in this case for a number of reasons. First, while the Commissioner is correct that Dr. Sugg's opinion of Plaintiff's inability to work constitutes an opinion on an issue reserved to the Commissioner, Dr. Sugg did not solely opine that Plaintiff is unable to work. (Tr. 708). Dr. Sugg also opined that due to

Plaintiff's bipolar disorder, she was unable to work for at least three months. (Id.). Dr. Sugg further opined that Plaintiff's prognosis was guarded. (Id.). Thus, that Dr. Sugg addressed an issue reserved for the Commissioner, does not mean that the ALJ was free to ignore the opinion of Dr. Sugg stating that Plaintiff's bipolar disorder prognosis was guarded and would affect her ability to work. Indeed, Social Security Ruling ("SSR") 96-5p explains that opinions on issues reserved to the Commissioner must not be ignored:

> [T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.
>
> However, opinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

SSR 96-5P (S.S.A. July 2, 1996). Under the facts of this case, the ALJ was still required to at least consider and weigh Dr. Sugg's opinion regarding Plaintiff's ability to function in light of her impairments if it is consistent with the other evidence in the record.

Second, in Hunter, Tillman, Caldwell, and Wright, unlike here, the ALJ's failure to specifically reference the physicians' opinions or give them weight was deemed

harmless because the ALJ specifically considered the evidence that the physicians relied on in forming their opinions (Hunter, Tillman), or the ALJ mentioned the treating physicians' findings, but failed to state the weight given (Caldwell), or the ALJ's failure to weigh the treating physician's opinion did not affect the ALJ's ultimate determination or contradict the ALJ's RFC (Wright). Here, conversely, the ALJ neglected to discuss Dr. Sugg's opinion at all, much less assign it a particular weight. Instead, in the ALJ's summary of Plaintiff's treatment records from Northside Hospital Behavioral Health Services from November of 2007 to 2008 during the time Plaintiff was being treated by Dr. Sugg, the ALJ primarily discussed Plaintiff's failure to keep many of her appointments and that Plaintiff provided incorrect and misleading information about her alcohol and drug use. (Tr. 22).

Third, unlike in the cases listed above, it does not appear that the ALJ's failure to consider and weigh the opinion of Dr. Sugg was harmless because it would not contradict the ALJ's RFC finding[3] or ultimate determination. Although the ALJ found Plaintiff's bipolar disorder was a severe impairment, this Court is unable to conclude

---

[3] The Court observes that in addition to failing to discuss the opinion of Dr. Sugg regarding Plaintiff's mental impairment, the ALJ discounted the opinions of two consultative examining evaluators who also opined that Plaintiff had mental limitations that appear to be greater than the ALJ's RFC finding. On May 2, 2007, Dr. David Rush conducted a consultative psychological examination of Plaintiff and opined, among other things, that Plaintiff's ability to get along with other people was impaired, due to her allegations of discomfort when around more than a few people at a time. (Tr. 21). Similarly, on June 12, 2007, Dr. Brewer conducted a consultative evaluation of Plaintiff and opined that Plaintiff may have difficulty with social interaction, maximum functioning for normal production work, concentration, and with focus when manic symptoms were present. (Tr. 23).

that had Plaintiff's treating physician's opinion been given controlling weight, the opinion would have been consistent with the ALJ's ultimate finding that the claimant was not disabled. Therefore, the opinion of Dr. Sugg that Plaintiff's bipolar disorder prognosis is guarded and would affect her ability to work even if it was for a limited period of time should have been considered and weighed by the ALJ. Because Dr. Sugg was a treating physician who provided an opinion of the affect of Plaintiff's impairment on his ability to work, the ALJ needed to assign some weight to Dr. Sugg's opinion and, if necessary, explain why that weight is less than substantial or controlling. See Baez v. Comm'r of Soc. Sec., No. 15-13941, 2016 WL 4010434, *3 (11th Cir. 2016); see also, Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (holding that when a treating physician offers a statement about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what capacity the claimant still has; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.). Thus, without a statement explaining, with particularity, the reasons certain weight was either given or not given a treating physician, or an examining medical source's opinion, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981); see also Lewis, 125 F.3d at 1440 (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes

reversible error). Accordingly, the case must be reversed and remanded back to the Commissioner to apply the appropriate legal standard and re-weigh all of the evidence.[4]

## VII. CONSIDERATIONS ON REMAND

As noted above, on remand, the ALJ should reassess the entire record and properly weigh the opinion of Plaintiff's treating physicians and other medical source evidence, and adequately articulate reasons for the weight given. The ALJ must also address inconsistencies between medical opinions. Additionally, the ALJ must identify the evidence upon which he bases his conclusions, explicitly explain whether he is accepting or rejecting pertinent medical evidence, and expressly articulate why he accepted or rejected relevant medical opinions or portions of them. See Lawton v. Comm'r of Soc. Sec., 431 F. App'x 830, 833 (11th Cir. 2011); SSR 96-5p, 1996 WL 37418, at *4 (July 2, 1996). Based on the errors addressed above, the Court is unable to conclude that substantial evidence supports the ALJ's decision.[5]

---

[4] The issue of whether the ALJ appropriately evaluated the opinion of Plaintiff's treating physician is dispositive and therefore, there is no need to address Plaintiff's remaining argument. See Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

[5] Plaintiff also contends that the ALJ failed to evaluate and weigh the opinion of her licensed professional counselor ("LPC"), Eugene Hertzler. On June 26, 2017, LPC Hertzler opined in a Medical Statement form that, due to Plaintiff's bipolar disorder, she is unable to work. (Tr. 759). Hertzler, a licensed professional counselor (or therapist), may fall into the "other source" category of evidence for purposes of the sequential evaluation process. See 20 C.F.R. §§ 404.1513(d), 416.913(d). SSR 06-03p provides that, "In addition to evidence from 'acceptable medical sources,' we may use evidence from 'other sources'. . . ." SSR 06-03p, 2006 WL 2329939, at *2 (August 9, 2006) (emphasis added). On remand, the ALJ should consider whether the opinion of LPC Hertzler constitutes evidence from other sources and whether his opinion is

## CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that the decision of the Commissioner be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four for further proceedings consistent with this opinion.

**IT IS SO RECOMMENDED** this __14__ day of February, 2018.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

probative of the severity of Plaintiff's bipolar disorder impairment and any functional limitation.

AO 72A
(Rev.8/82)